Jack **SHOUSE** et al., Plaintiffs,

v.

**PIERCE COUNTY** et al.,
Defendants.

No. 165–73C3.

United States District Court,
W. D. Washington.

Nov. 6, 1975.

————◆————

Richard B. Sanders, Seattle, Wash., for plaintiffs.

Mark L. Bubenik, Tacoma, Wash., for defendants.

Before KILKENNY, Circuit Judge, and BOWEN and BEEKS, District Judges.

## OPINION

PER CURIAM:

Plaintiffs seek a declaration that Sections 36.94.230 [1] and .240 [2] of the Revised Code of Washington are unconstitutional insofar as they permit only owners of real property to divest the action of county commissioners in the formation of the Utility Local Improvement District (ULID). As non-land owning residents within the ULID created by defendants,[3] plaintiffs contend that their inability to vitiate the creation by protest, as could landowners, amounts to a denial of equal protection of laws under the Fourteenth Amendment. Plaintiffs also seek to enjoin defendants from proceeding with construction of the sewer system authorized for the ULID. As a second cause of action, plaintiff Jack

---

1. R.C.W. 36.94.230. Pertinent language includes the following:

 Utility local improvement districts . . . may be initiated . . . by resolution of the board of county commissioners . . . .

 In case the board shall desire to initiate the formation of a utility local improvement district by resolution, it shall first pass a resolution declaring its intention to order such improvement, setting forth the nature and territorial extent of such proposed improvement . . . .

 . . . .

 Notice of the adoption of the resolution of intention . . . shall be published in at least two consecutive issues of a newspaper of general circulation in the proposed local district . . . . Notice of the adoption of the resolution of intention shall also be given each owner or reputed owner of any lot, tract, parcel of land or other property within the proposed improvement district by mailing . . . and in the case of improvements initiated by resolution, said notice shall . . . state that all persons desiring to object to the formation of the proposed district must file their written protests with the clerk of the board of county commissioners . . . .

2. R.C.W. 36.94.240. Pertinent language includes the following:

 . . . the board shall conduct a public hearing at the time and place designated in the notice to the property owners. . . .

 After said hearing the commissioners shall have jurisdiction to overrule protests and proceed with any such improvement initiated by petition or resolution: Provided, That the jurisdiction of the commissioners to proceed with any improvement initiated by resolution shall be divested by protests filed with the clerk of the board prior to said public hearing signed by the owners, according to the records of the county auditor, of at least forty percent of the area of land within the proposed local district. *No action whatsoever may be maintained* challenging the jurisdiction or authority of the county to proceed with the improvement and creating the utility local improvement district or *in any way challenging the validity thereof* or any proceedings relating thereto unless that action is served and filed no later than thirty days after the date of passage of the resolution ordering the improvement and creating the local district. [emphasis supplied]

3. The ULID was created by Pierce County. Resolution No. 16500.

Shouse, both a landowner and resident tenant within the ULID, contends that the statute's provision for weighting a landowner's vote in proportion to the area of land owned works a denial of equal protection by diluting the franchise of those who own small parcels.

Five issues are presented: first, whether this court has jurisdiction over the dispute; second, whether the action is barred by the thirty-day limitation period established in Section 36.94.240; third, whether the action is barred under the principle of laches; fourth, whether the challenged statute denies non-landowners the equal protection of laws by limiting the right of divestment to property owners; and fifth, whether the weighting of votes according to land area represented denies the equal protection of laws to owners of small parcels. Our resolution of the first three issues makes unnecessary an examination of the last two.

## I. JURISDICTION

 Plaintiffs plead 28 U.S.C. § 1331 and 42 U.S.C. § 1983 in support of this court's jurisdiction. No individual plaintiff has shown that he has a claim in excess of $10,000, exclusive of interest and costs, and claims of this type may not be aggregated to reach the jurisdictional amount.[4] Accordingly, Section 1331 does not confer jurisdiction as to any defendant. Section 1983 is not a jurisdictional statute. Where, however, the cause of action is predicated on Section 1983, as here, jurisdiction is conferred by 28 U.S.C. § 1343(3) as to all defendants except Pierce County. Pierce County is not a person subject to suit under Section 1983,[5] and the action against it is dismissed with costs.

## II. STATUTORY LIMITATION PERIOD

The resolution forming the ULID was adopted on June 18, 1973, and this action was filed on September 5, 1973. Defendants contend that the suit is thus barred by the thirty-day limitation period of R.C.W. 36.94.240.[6]

Plaintiffs vigorously contend that because this is a case involving equitable relief the statutory period is inapplicable. We disagree.

 The statute involved is health and welfare legislation. Substantial delays in implementing the resolution adopted by the commissioners pursuant to it could seriously jeopardize the well-being of all of the residents within the ULID. Where a statute creates substantive rights affecting the health and well-being of a community and the legislature chooses to define the procedures for exercising those rights, the legislative scheme should not be disrupted. It is a long-established principle that such statutes be given a liberal construction for the accomplishment of their objectives.[7] The Washington legislature, in its wisdom, has determined that "no action whatsoever" challenging any proceedings under R.C.W. 36.94.240 should be maintained after thirty days following adoption of a ULID resolution. A strict application of this limitation period maximizes the public welfare purposes of the statute.

Additionally, in this era of double digit inflation, an extended delay in constructing the approved utility could significantly increase its cost, possibly to the extent of making it prohibitive.

 None of the cases cited by plaintiffs in support of their contention that

---

4. *Potrero Hill Community Action Committee v. Housing Authority,* 410 F.2d 974, 978 (9th Cir. 1969).

5. *Kenosha v. Bruno,* 412 U.S. 507, 511–13, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

6. *See* note 2 *supra.*

7. *United States v. Antikamnia Chemical Co.,* 231 U.S. 654, 666–70, 34 S.Ct. 222, 58 L.Ed. 419 (1914) ; *A. O. Andersen & Co. v. United States,* 284 F. 542, 543 (9th Cir. 1922).

the statutory limitation period is inapplicable involved limitation periods specifically incorporated into the statute at issue so as to become an integral part thereof, as is the situation here.[8] Where a period of limitation is part of the statute under constitutional attack, the Supreme Court has given effect thereto. In *Cipriano v. Houma*,[9] the Court found unconstitutional a statute limiting the right to vote in revenue bond elections, but it limited the effect of its decision to circumstances "where, under state law, the time for challenging the election result has not expired . . . ." A similar result on the merits was reached in *Phoenix v. Kolodziejski*,[10] and once again the Court limited its holding to suits filed within the challenge period specified by the state election statute. Both of these cases were suits in equity, with the respective plaintiffs seeking only injunctive and declaratory relief. Thus, we hold that the thirty-day limitation period bars plaintiffs' claim.

Furthermore, enforcing an integrated limitation obviates the necessity of attempting to apply by analogy state statutes of general limitation varying greatly in length. Plaintiffs cite one general statute of three years and one of six years as possibly applicable. By so doing they acknowledge that Washington has no general statutory provision which would clearly and unquestionably apply here. The integrated thirty-day limitation not only applies, it simplifies and resolves the problem.

## III. LACHES

█ █ Assuming, arguendo, that this case should be governed by the doctrine of laches rather than by a statutory limitation period, the result must be the same. Because the action was filed after the analogous statutory period, plaintiffs not only have the burden of excusing their delay but of establishing that the delay has caused no prejudice to defendants.[11] They have done neither.[12]

## IV. EQUAL PROTECTION

As indicated, we do not reach the constitutional questions. If we were to decide them, however, we would resolve them against plaintiffs. On the issue of non-landowners' rights, *Field v. Barber Asphalt Paving Co.*[13] would be controlling, and not the election cases cited by plaintiffs. The weighted vote question would be governed by *Salyer Land Co. v. Tulare Lake Basin Water Storage District.*[14]

The action must be dismissed as not timely filed.[15] The Clerk shall enter judgment for defendants, with costs.

8. *Czaplicki v. S/S HOEGH SILVERCLOUD*, 351 U.S. 525, 533, 76 S.Ct. 946, 100 L.Ed. 1387 (1956) (general tort statutes of limitation) ; *Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp.*, 348 U.S. 437, 463, 75 S.Ct. 488, 99 L.Ed. 510 (1955) (no limitation period at issue) ; *Gardner v. Panama R. R.*, 342 U.S. 29, 30, 72 S.Ct. 12, 96 L.Ed. 31 (1951) (general one-year statute of limitation) ; *Angel v. Bullington*, 330 U.S. 183, 192, 67 S.Ct. 657, 91 L.Ed. 832 (1947) (no limitation period at issue) ; *Holmberg v. Armbrecht*, 327 U.S. 392, 393, 66 S.Ct. 582, 90 L.Ed. 743 (1946) (general ten-year statute of limitation) ; *Jerome v. United States*, 318 U.S. 101, 101–02, 63 S.Ct. 483, 87 L.Ed. 640 (1943) (no limitation period at issue).

9. 395 U.S. 701, 706, 89 S.Ct. 1897, 1901, 23 L.Ed.2d 647 (1969).

10. 399 U.S. 204, 214, 90 S.Ct. 1990, 26 L.Ed.2d 523 (1970).

11. *Brown v. Kayler*, 273 F.2d 588, 591 (9th Cir. 1959) ; *Shell v. Strong*, 151 F.2d 909, 911 (10th Cir. 1945).

12. The only excuse offered by plaintiffs for the delay was that their original attorney failed to timely institute the action. Deposition of John Shouse at 18.

13. 194 U.S. 618, 621, 24 S.Ct. 784, 48 L.Ed. 1142 (1904).

14. 410 U.S. 719, 734, 93 S.Ct. 1224, 35 L.Ed.2d 659 (1973).

15. The attorney who ably represented plaintiffs at trial did not commence the action.