[No. 45540.   En Banc.   December 28, 1978.]

JAMES E. MURPHY, ET AL, *Appellants,* v. CLAY
HUNTINGTON, ET AL, *Respondents,* CON–
CERNED CITIZENS OF LAKEWOOD, INC.,
ET AL, *Appellants.*

*Richard B. Sanders, Christopher R. Boutelle,* and *Potter & Boutelle,* for appellants.

*Don Herron, Prosecuting Attorney, Edwin J. Wheeler, Special Deputy,* and *Keith M. Black, Deputy,* for respondents.

DOLLIVER, J.—On June 18, 1973, in accordance with procedures set forth in RCW 36.94, the Pierce County Commissioners adopted resolution No. 16500 creating Utility Local Improvement District (ULID) No. 73–1. The area involved in the ULID is the Parkland–Lakewood area of

Pierce County, and the utility to be constructed is a sanitary sewer system.

The resolution stated:

> *Section 3.* The estimated cost and expense of the improvement is hereby declared to be, as near as may be, $45,677,000.00. It is anticipated that the County will receive federal and state grant monies, the total amount of which is not yet known, to finance a portion of the project. The total sum of assessments against the property within the district specially benefited by the proposed improvement shall not exceed an amount equal to 50% of the actual cost of such improvements. In no event shall those assessments exceed the actual cost of the improvement, less grant monies received.

Current cost estimates are approximately $80 million.

Prior to the adoption of the resolution, on April 30, 1973, a letter was sent by Clay Huntington, Chairman, Board of Pierce County Commissioners, to all property owners in the area. It stated:

> The money part relates to the fact that Congress has passed new water pollution control laws which provide for substantially higher levels of Federal grants than were available in 1971. In 1971 it was assumed that about 10% of project cost would be paid from Federal and State grants. The project at this time is eligible for up to 90% grant funding. As indicated in the enclosed notice, your Board of County Commissioners is committed not to proceed with the project unless at least 50% grant funding is available.

On September 19, 1977, plaintiffs brought this action which, as amended, sought a permanent injunction or writ of prohibition. On motion of defendants, the trial court issued an order permitting class action by third-party plaintiffs (the Pierce County Commissioners and Pierce County) against third-party defendants (Concerned Citizens of Lakewood, Lakewood Sewer and Water Committee and others opposed to the ULID). On April 10, 1978, the trial court in a summary judgment order dismissed with prejudice the claims of the plaintiffs and held the statute of

limitations barred the third–party defendants from "maintaining any further action which challenges . . . Pierce County . . . from proceeding with public improvement under, or contesting the validity of, Pierce County ULID 73–1". From this order, a direct appeal was taken to this court.

Two issues are raised by plaintiffs: (1) The written consent of the South Suburban Sewer District for the creation of ULID 73–1 was not obtained prior to the passage of resolution No. 16500, and thus the ULID was invalid at its inception; and (2) the previously quoted language in the April 30, 1973, letter of Chairman Huntington misrepresented the true situation as to the receipt of federal funds by the ULID; plaintiffs relied on this representation; and thus the defendants are equitably estopped from raising the statute of limitations as a defense.

The statute of limitations, relied on by defendants as an affirmative defense and applied by the summary judgment, is contained in RCW 36.94.240, and reads in part as follows:

> No action whatsoever may be maintained challenging the jurisdiction or authority of the county to proceed with the improvement and creating the utility local improvement district or in any way challenging the validity thereof or any proceedings relating thereto unless that action is served and filed no later than thirty days after the date of passage of the resolution ordering the improvement and creating the local district.

As to issue (1), the question of whether the appropriate consent had been received from the South Suburban Sewer District as of the enactment of resolution No. 16500 was a discernible fact. Either consent had or had not been given. If it had not been given, plaintiffs had 30 days to challenge the ULID on these grounds. They did not do so. Their cause of action on issue (1) is barred.

As to issue (2), we have held equitable estoppel can be used to prevent the fraudulent or inequitable resort to the statute of limitations (*Central Heat, Inc. v. Daily Olympian, Inc.*, 74 Wn.2d 126, 443 P.2d 544, 44 A.L.R.3d

750 (1968)), and can be applied against the state. *Shafer v. State*, 83 Wn.2d 618, 521 P.2d 736 (1974). While there are four requirements to application of the doctrine, the most important is that the party against whom the doctrine is asserted must have made prior statements which are inconsistent with its present position. Plaintiffs claim the record reflects that the commissioners committed themselves to postponing construction until 50 percent federal grant funding was obtained. However, the statements made by the county commissioners at the time the ULID was created were to the effect that the project would not proceed until federal funds were *available.*

It was uncontroverted by plaintiffs that federal and state grant funds for sewer construction are released as work progresses rather than being paid in full into the county treasury before work begins; that grants totaling approximately $7,275,000 have already been awarded for the project; that the county's total application for future grant funds is approximately $42 million; and that the county's grant eligibility is about 69 percent of the total cost.

The county's present position is that such funds are and will be available; they simply have not been received because federal grants are disbursed as work on the project progresses. Thus, there appears to be no inconsistency between the party's prior statements and its present claims.

Plaintiffs discuss the arguments made by both parties in other cases in which this particular ULID has been challenged. *See* Fraley v. Huntington, Pierce County Superior Court cause No. 221900, and Harstad Associates, Inc. v. South Suburban Sewer District, Pierce County Superior Court cause No. 232394. These cases are not relevant here since such statements would have been made after the 30–day statute of limitations had run. The only statements on which plaintiffs reasonably could have relied would be those which were made prior to the creation of the ULID and the 30–day limitation period. Those statements were not inconsistent with the county's present position. We agree with the trial court that such statements were not a

misrepresentation or a fraud. Thus, the doctrine of equitable estoppel cannot be applied to prevent the assertion of the statute of limitations defense.

Finally, it should be noted that, when assessments are made, landowners will be entitled to protest assessments and obtain judicial review in a proceeding under RCW 36.94.290. Our holding in this case does not preclude plaintiffs or other landowners in the ULID from availing themselves of the procedures contained in this statute should they choose so to do. We do not, of course, pass on the question of whether any action brought under RCW 36.94-.290 would be successful.

Affirmed.

WRIGHT, C.J., ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, and HOROWITZ, JJ., and RYAN, J. Pro Tem., concur.

Reconsideration denied January 31, 1979.