The **SEWER ALERT COMMITTEE, et al., Plaintiffs-Appellants,**

v.

**PIERCE COUNTY, et al., Defendants-Appellees.**

No. 85–3664.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 1986.

Decided June 12, 1986.

Earl Keehn, Claude Pope, Forrest Rothwell, in pro. per.

Lloyd P. Fetterly, Deputy Pros. Atty., Tacoma, Wash., for defendants-appellees.

Before WRIGHT, SNEED and SCHROEDER, Circuit Judges.

PER CURIAM:

This unfortunate case involves elderly landowners who have been saddled with a substantial, unanticipated financial burden for sewer assessments from which they will derive little, if any, immediate benefit. They allege that corrupt public officials conspired to deprive them of their civil rights by denying them of their right to vote on the development and by assessing residents with costs of an unwanted project.

Unfortunately, they cannot overcome the res judicata effect of a prior state court judgment between these same parties, *Pierce County v. Keehn,* 34 Wash.App. 309, 661 P.2d 594 (1983).[1] While we may sympathize with appellants' position, we are constrained to affirm.

---

**1.** We are aware of several other lawsuits brought by these appellants and others over the validity of the ULID and its consequences. *See, e.g., Shouse v. Pierce County,* 403 F.Supp. 353 (W.D.Wash.1975) (3-judge court), *vacated,* 425 U.S. 929, 96 S.Ct. 1658, 48 L.Ed.2d 171 (1976), *appeal after remand,* 559 F.2d 1142 (9th Cir. 1977); *Murphy v. Huntington,* 91 Wash.2d 265, 588 P.2d 742 (1978); *Fraley v. Huntington,* Pierce Co.Sup.Ct. Cause No. 221900; *Harstad Assoc., Inc. v. South Suburban Sewer District,* Pierce Co.Sup.Ct. Cause No. 232394; *Schatz v. Pierce County,* No. 82–2051298 (cited by appellees).

## BACKGROUND

In 1973, the Pierce County Board of Commissioners adopted Resolution 16500 creating Utilities Local Improvement District (ULID) 73–1. The ULID implemented a portion of the Chambers Creek-Clover Park Basin Sewerage General Plan previously adopted in 1969.

Earl Keehn, Claude Pope and Forrest Rothwell opposed the project and unsuccessfully attempted to amend the resolution by public initiative. The Washington Court of Appeals affirmed summary judgment for Pierce County in its declaratory judgment action challenging the initiative's validity.

■ In 1984, the Sewer Alert Committee [2] and its officers (Keehn, Pope and Rothwell) sued Pierce County and three of its officials under 42 U.S.C. §§ 1983, 1985 and 1986. The complaint sought damages and injunctive relief. The court granted summary judgment for defendants on res judicata and mootness grounds.

## ANALYSIS

### A. *Recusal*

Appellants contend that Judge Tanner erred in not recusing himself. They alleged conflict of interest, bias and prejudice resulting from his acquaintance with the defendants and from his Pierce County residency.

■ We review the denial of a recusal motion for abuse of discretion. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986). The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir.1983); *see also* 28 U.S.C. §§ 144, 455.

■ The facts alleged here are not legally sufficient to support recusal. Friend-

ship with defendants and residence in the county would not lead a reasonable person to conclude that the judge's impartiality might reasonably be questioned. The court did not abuse its discretion in denying the recusal motion.

### B. *Venue*

■ Sewer Alert filed this action in the Seattle Clerk's Office for the Western District of Washington. The case was transferred to Tacoma. Western District of Washington Civil Rule 5(e)(1) provides:

**(e) Place of Filing and Trial**

(1) All civil cases in which all defendants reside, or in which the claim arose, in the counties of Clark, Cowlitz, Grays Harbor, Lewis, Mason, Pacific, Pierce, Skamania, Thurston and Wahkiakum, shall be filed at Tacoma. The same criteria as set out above shall be used to determine the place of filing of cases removed from state Courts.

The claim arose in Pierce County. All parties reside there. The case should have been filed in Tacoma. Sewer Alert's arguments against venue in Tacoma are directed to recusal of the judge. The motion to change venue properly was denied.

### C. *Res Judicata*

■ Res judicata applies to Section 1983 actions. *Allen v. McCurry*, 449 U.S. 90, 105, 101 S.Ct. 411, 420, 66 L.Ed.2d 308 (1980). The court was required to accord *Keehn* the same full faith and credit that Washington courts would give it. *See Clark v. Yosemite Community College District*, 785 F.2d 781, 784 (9th Cir.1986).

Under Washington law,

[r]es judicata occurs when a prior judgment has a concurrence of identity in four respects with a subsequent action. There must be identity of (1) subject matter; (2) cause of action; (3) persons

---

**2.** This is an ad hoc committee of 11,000 residents of the Lakewood/Parkland area. Presumably, these were the persons who signed the petition in favor of the invalid initiative. Because Keehn, Pope and Rothwell are not attor-

neys, they cannot represent Sewer Alert in this litigation. They have standing as aggrieved landowners to present their own claims, however, and they were permitted to argue this appeal.

and parties; and (4) the quality of the persons for or against whom the claim is made.

*Rains v. State,* 100 Wash.2d 660, 674 P.2d 165, 168 (1983).

In 1982, Keehn, Pope and Rothwell filed an initiative petition and signatures with the Pierce County auditor, Richard A. Greco. It sought to require voter approval before bonds could be issued and to regulate the timing of assessment payments. Greco refused to validate the signatures and register the petition based on legal advice that the initiative was invalid.

Pierce County, Booth Gardner, (then County Executive, now Governor) and Greco filed a declaratory judgment action against Keehn, Pope, Rothwell, Puget Sound National Bank and Will Construction Company. The county's motion for summary judgment was granted.

The Washington Court of Appeals affirmed. It held that, "except to the limited extent expressly provided in RCW 36.94, the initiative process is not available to govern counties' sewerage systems." *Keehn,* 661 P.2d at 595. It noted that counties are empowered to establish ULID's within the area of a sewerage general plan and to levy assessments on property specially benefited by the district. *Id.* It concluded that the county had a right and a duty to proceed with the project without an election. *Id.* at 596.

Here, appellants complain that they were not permitted to vote on the sewer project and that county officials forced an unwanted project on them. There is identity of subject matter.

Further, there is identity of cause of action under the criteria set forth in *Rains,* 674 P.2d at 168. Rights established in the *Keehn* action would be impaired by prosecution of this action. *Id.* The two actions involve "the same transactional nucleus of facts." *Id.*

The parties are the same except for the addition of Sheldon K. Cook, Pierce County Assessor-Treasurer. Despite this difference, the parties are "qualitatively" identical. *See id.* at 169 (despite slight differences, identity of parties found to exist). Cook, Gardner and Greco were sued in their official capacities. The County was the real party in interest in both actions. All four elements of res judicata are satisfied.

The doctrine bars relitigation of issues that were actually litigated or that could have been raised in a prior action. *Mellor v. Chamberlin,* 100 Wash.2d 643, 673 P.2d 610, 611 (1983). Appellants' allegations of conspiracy could have been raised by defense or counterclaim in the *Keehn* action. The imposition of assessments and threats of foreclosure do not justify a new lawsuit.

Res judicata properly was applied. The court was not obligated to permit further discovery so that appellants might be able to uncover facts to support their bare allegations of conspiracy. Summary judgment was appropriate despite its harsh consequences.

AFFIRMED.[3]

---

**3.** We need not reach appellees' mootness claim. Further, we exercise our discretion to deny ap-

pellees' request for attorneys' fees on appeal.