19 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Catherine DIEHL, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORP., Defendant,
v.
MUNICIPALITY OF ANCHORAGE; Alaska Title Guaranty Co., aka
Altico, Inc. Third-Party-Defendants-Appellees.
 No. 93-35635.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 3, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Catherine Diehl appeals pro se the district court's order granting summary judgment in favor of the Municipality of Anchorage. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 I. Background
 
 3
 In December 1991, the Diehls filed a "quiet title" action against the Federal Deposit Insurance Corporation (FDIC) as successor in interest to a deed-of-trust note on a parcel of real property.[1] The FDIC then filed and served a third-party-complaint against the Municipality of Anchorage and the Alaska Title Guarantee Co., aka ALTICO, Inc. After the FDIC dismissed its third-party-complaint pursuant to Fed.R.Civ.P. 41(a), the Diehls filed a "cross-complaint" against Anchorage, a municipal corporation. The district court treated the Diehls' action against Anchorage, a municipal corporation as an action against the Municipality of Anchorage, and allowed it to proceed. The Diehls and the FDIC entered into a stipulated settlement of the quiet title action, and the district court granted summary judgment in favor of Anchorage on the Diehls' claims against Anchorage.
 
 II. Discussion
 A. Amended Complaint
 
 4
 Diehl contends that the district court improperly amended her complaint by changing "Anchorage, a municipal corporation" to "Municipality of Anchorage."[2] Diehl has not shown that Anchorage, a municipal corporation is a separate and distinct entity from the Municipality of Anchorage. Even if there is such an entity, "Anchorage, a municipal corporation" was never properly served and, therefore, is not a proper party to this action. See Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.1982) (district court lacks jurisdiction absent proper service under Fed.R.Civ.P. 4). Thus, the only party even arguably before the district court was the "Municipality of Anchorage, Alaska," and the district court did not err by amending the complaint and allowing the action to proceed against the Municipality of Anchorage.
 
 B. Bias
 
 5
 Diehl contends that the district court erred by denying Diehl's recusal motion. We review the denial of a recusal motion for abuse of discretion. Sewer Alert Comm. v. Pierce County, 791 F.2d 796, 798 (9th Cir.1986). Diehl sought to recuse the district court judge under 28 U.S.C. Secs. 144 and 455. Under both sections, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Preston v. United States, 923 F.2d 731, 734 (9th Cir.1991) (citation and quotations omitted). A motion for recusal of a judge under 28 U.S.C. Sec. 144 will be granted only upon a showing of bias or prejudice from an extrajudicial source. Toth v. Trans World Airlines, 862 F.2d 1381, 1388 (9th Cir.1988).
 
 
 6
 Here, Diehl's affidavit merely cites adverse rulings by the district court and some apparent confusion by the district court as to the parties in Diehl's various actions pending before the district court. This affidavit was legally insufficient to establish bias stemming from an extrajudicial source. See id. Accordingly, the district court did not err by denying Diehl's recusal motion.
 
 III. Jurisdiction
 
 7
 Diehl contends that the district court lacked jurisdiction over her action against Anchorage. This contention lacks merit. The district court had original jurisdiction over Diehl's quiet title action against the FDIC. See 12 U.S.C. Sec. 1819; 28 U.S.C. Secs. 1331 and 1345. Diehl's action against Anchorage alleges a state law cause of action, "slander to title," regarding the same title. Consequently, the district court had supplemental jurisdiction over Diehl's claim against Anchorage because this claim was related to her claims against the FDIC. See 28 U.S.C. Sec. 1367.
 
 
 8
 The district court did not lose jurisdiction merely because the claims against the FDIC were dismissed. See Imagineering, Inc. v. Kiewit Pacific, Co., 976 F.2d 1303, 1309 (9th Cir.1992), cert. denied, 113 S.Ct. 1644 (1993). The district court had the discretion to dismiss the state law claim or to adjudicate that claim on the merits. Id. The discretion of the district court, however, is not unfettered. Id. The district court must weigh several factors in determining whether to dismiss the state law claims: economy, convenience, fairness, and comity. Id. Because the weighing of these factors is discretionary, we review only as to whether the district court's determination is a clear error of judgment. Id. Here, because the state law claim was ripe for judgment, the first three factors weigh heavily towards adjudication on the merits. Accordingly, we cannot say that the district court erred by exercising its discretion to retain jurisdiction over the state law claim.
 
 AFFIRMED.[3]
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although, William and Catherine Diehl brought this action jointly in the district court, only Catherine Diehl signed the notice of appeal
 
 
 [2]
 We note that Diehl's claim against "Anchorage, a municipal corporation" arises out of a state court action. The documents filed in that action apparently use both appellations interchangeably
 
 
 [3]
 All pending motions in this appeal are denied. Costs are awarded to appellees. See Fed.R.App.P. 39; 9th Cir.R. 39