24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Nancy Jewell CROSS, Plaintiff-Appellant,
v.
STATE of California, et al., Defendants-Appellees.
 No. 93-15628.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 21, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nancy Jewell Cross appeals pro se from the district court's (1) dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of Cross's complaint against Graeme Hanson, M.D., ("Hanson") and the City and County of San Francisco ("City"),[1] (2) summary judgment in favor of the State of California ("State"), and (3) order denying Cross's request for recusal of Judge Walker. In her action, brought pursuant to 42 U.S.C. Sec. 1983, Cross alleged that defendants violated her constitutional rights when they arrested her at the State Building on October 26, 1988, transported her to the San Francisco General Hospital ("SF General") and attempted to treat her for an alleged psychiatric disorder. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Rule 12(b)(6) Dismissal
 
 
 4
 We review de novo a dismissal for failure to state a claim pursuant to Rule 12(b)(6). Oscar v. University Students Coop Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). Our review is limited to the contents of the complaint. Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 113 S.Ct. 600 (1992).
 
 
 5
 To state a section 1983 claim, the plaintiff must allege facts showing that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d f621, 624 (9th Cir.1988). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 A. Claims against the City
 
 6
 To prevail in her section 1983 action against the City, Cross was required to demonstrate that her constitutional rights were violated as a result of official policy or custom. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978).
 
 
 7
 The district court dismissed Cross's amended complaint against the City after finding that Cross failed to allege any specific acts that would subject the City to liability under section 1983.
 
 
 8
 Cross's amended complaint summarily asserts that the State and City defendants "in title hereof acting in concert under color of state law and authority" violated Cross's First, Fourth, Fifth, Ninth and Fourteenth Amendment rights. Although Cross alleges that harassing people is a practice and custom of the City, she fails to allege any facts exemplifying such a custom or policy. Accordingly, the district court did not err by dismissing Cross's complaint for failure to state a claim. See Monell, 436 U.S. at 690-691; Ivey, 673 F.2d at 268.
 
 B. Claim Against Hanson
 
 9
 In her amended complaint Cross alleged that Hanson was the acting chief of the department of psychiatry at SF General and therefore was responsible for establishing the customs and procedures that resulted in her injury. As the district court found, however, Cross failed to allege any specific facts that would subject Hanson to liability. Because vague and conclusory allegations of civil rights violations are not sufficient to withstand a motion to dismiss, the district court properly dismissed Cross's claim against Hanson. See Ivey, 673 F.2d at 268.
 
 II
 Summary Judgment
 
 10
 We review de novo a grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). To avoid summary judgment, Cross must raise a "genuine" factual dispute concerning her claims. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 249-50 (1986) (citations omitted). A dispute is not genuine "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. Thus, a "suspicion of improper motives unsupported by stronger evidence, is insufficient to raise an issue of fact" sufficient to withstand summary judgment. Moore v. Home Ins. Co., 601 F.2d 1072, 1075 (9th Cir.1979).
 
 
 11
 In support of its motion for summary judgment, the State submitted a police report and a treatment evaluation report indicating that police officers arrested Cross because they found her in the State Building after closing hours and that Cross had refused the officers' requests that she leave the building or offer identification. Believing her to be mentally disabled and possible violent, police officers transported Cross to SF General psychiatric ward for observation.
 
 
 12
 Cross failed to submit any evidence or affidavits in support of her opposition to the State's summary judgment motion. Because the record reveals that the State's moving papers are sufficient on their face and show no genuine issues of material fact, the district court did not err by granting summary judgment for the state. See Kruso, 872 F.2d at 1421.
 
 III
 Recusal of Judge Walker
 
 13
 Cross contends that the district court erred by denying her recusal motion. This contention lacks merit.
 
 
 14
 We review the denial of a recusal motion for abuse of discretion. Sewer Alert Comm. v. Pierce County, 791 F.2d 796, 798 (9th Cir.1986). To recuse a judge for bias or prejudice under section 144, the party seeking disqualification must file an affidavit of prejudice. 28 U.S.C. Sec. 144. The affidavit must set forth specific facts and reasons for the belief that bias exists. Davis v. Fendler, 650 F.2d 1154, 1163 (9th Cir.1981). Mere conclusory allegations are insufficient to form a basis for disqualification. United States v. Sibla, 624 F.2d 864, 868 (9th Cir.1980).
 
 
 15
 Here, we agree with the district court that Cross failed to present any facts in support of her allegation that Judge Walker is biased against females in his courtroom. See id. Accordingly, the district court did not abuse its discretion by denying Cross's motion for recusal. See Sewer Alert Comm., 791 F.2d at 798.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Cross's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The City defendants also include the Board of Supervisors, Louise Renne, Michael Hennessy, David Fambrini, Mariann P. Monteleone, Faina Alatogorov and Michelle Washington