46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmie STEPHEN, Plaintiff-Appellant,
v.
Mary ZULFACAR, Dr., Defendant-Appellee.
 No. 94-55626.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 11, 1995.
 
 Appeal from the United States District Court, for the Southern District of California, D.C. No. CV-92-01216-JSR; John S. Rhoades, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmie Stephen, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison doctor Mary Zulfacar in his 42 U.S.C. Sec. 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo a district court's grant of summary judgment, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 * Summary Judgment
 
 
 4
 Stephen alleged that defendant Zulfacar was deliberately indifferent to his serious medical needs because she failed to properly treat his sinus condition and because she declined to provide him with free sinus medication between May 27, 1992 and August 13, 1992. Zulfacar had advised Stephen to purchase the medication at the prison canteen. On August 13, 1992, Zulfacar resumed providing Stephen with the sinus medication because a prison administrative committee had determined that Stephen was indigent and could not afford to purchase the medication.
 
 
 5
 To show medical mistreatment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Hudson v. McMillian, 112 S.Ct. 995, 998 (1992); Estelle v. Gamble, 429 U.S. 97, 106 (1976). To demonstrate deliberate indifference, a prisoner must proffer evidence sufficient to indicate a culpable state of mind on the part of prison officials. Wilson v. Seiter, 501 U.S. 294, 302 (1991). A difference of opinion about treatment does not amount to deliberate indifference to serious medical needs. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980).
 
 
 6
 In support of her motion for summary judgment, Zulfacar submitted evidence which shows that prison doctors examined Stephen on numerous occasions and prescribed a variety of medications for his sinus condition, including Sinutab, Dimetapp, Sudafed, and antibiotics. The evidence further indicates that Stephen was evaluated by an ear, nose and throat specialist who approved of the prison's choice of treatment, that prison doctors gave Stephen a wool patch test to determine whether an environmental basis existed for his complaints, and that doctors had scheduled a CT scan for Stephen but that he refused to have the tests performed.
 
 
 7
 In opposition to Zulfacar's motion for summary judgment, Stephen failed to submit any evidence showing that Zulfacar's refusal to provide him with free sinus medication for 75 days amounted to anything more than negligence, at most. See Broughton, 622 F.2d at 460. Accordingly, the district court properly granted summary judgment in favor of defendants on Stephen's claim for deliberate indifference to serious medical needs. See id.[1]
 
 II
 Other Claims
 1. Recusal
 
 8
 Stephen contends that Judge Rhoades erred by denying Stephen's recusal motion. This contention lacks merit.
 
 
 9
 We review the denial of a recusal motion for abuse of discretion. Sewer Alert Comm. v. Pierce County, 791 F.2d 796, 798 (9th Cir.1986). A judge is required to disqualify himself if his impartiality might reasonably be questioned or if he has a personal bias or prejudice against a party. See 28 U.S.C. Secs. 455(a) and (b)(1). Recusal is required only if bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceedings. Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991).
 
 
 10
 Stephen contends that Judge Rhoades should have recused himself because his order, advising Stephen that he should review Rule 11 before deciding whether or not to file an amended complaint, indicated that he was biased. Stephen's allegation of bias stems solely from a judicial ruling made in the course of the proceedings. See id. Accordingly, Stephen's contention that Judge Rhoades should have recused himself lacks merit.
 
 2. Appointment of Counsel
 
 11
 Stephen contends that the district court erred by denying his motion for appointment of counsel. This contention lacks merit.
 
 
 12
 This court reviews for abuse of discretion a district court's refusal to appoint counsel. United States v. 30.64 Acres of Land, 795 F.2d 796, 798 (9th Cir.1986). Generally there is no constitutional right to counsel in a civil case. Id. at 801. A district court, however, can designate counsel to represent indigent civil litigants under 28 U.S.C. Sec. 1915(d). Id. at 798. Motions for designation of counsel under section 1915(d) are addressed to the sound discretion of the district court and are granted only in exceptional circumstances. United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981) (per curiam), cert. denied, 455 U.S. 958 (1982). To decide whether exceptional circumstances exist, a court evaluates "the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).
 
 
 13
 Because Stephen could articulate his claims and the legal issues involved were not complex, no exceptional circumstances warranted the appointment of counsel under section 1915(d). See id. Accordingly, the district court did not abuse its discretion by denying Stephen's motion for appointment of counsel. See id.
 
 3. Dismissal of Defendant Gomez
 
 14
 Stephen contends that the district court erred by dismissing defendant Gomez, the prison director, from the action. The district court dismissed Gomez on the basis that Stephen had failed to allege any personal involvement by Gomez in the alleged violations.
 
 
 15
 Liability under section 1983 cannot be predicated on the theory of respondeat superior. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.
 
 
 16
 We agree with the district court that dismissal of Gomez was proper because Stephen had failed to indicate any personal involvement by Gomez in the alleged medical mistreatment. See id.[2]
 
 4. Order Setting Aside Entry of Default
 
 17
 Stephen contends that the district court erred when it set aside its entry of default against Zulfacar. This contention lacks merit.
 
 
 18
 Entry of default can be set aside for good cause. Fed.R.Civ.P. 55(c). We review a decision to set-aside an entry of default for abuse of discretion and we reverse only where the district court is clearly wrong in its determination of good cause. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir.1986). "Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." Id. at 945-46 (quotation omitted).
 
 
 19
 Here, the court entered default against Zulfacar because she had failed to comply with a technical filing requirement under the federal local rule. Zulfacar timely filed for relief from the entry of the default, stating that she had been away from her home recuperating from major surgery, and that she was unaware that she needed to respond in the prescribed manner to Stephen's action. Given the circumstances, the district court did not abuse its discretion by setting aside entry of the default. See Mendoza, 783 F.2d at 945.[3]
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Stephen's contention that the district court erred by not striking the evidence submitted by Zulfacar in support of her motion for summary judgment
 
 
 [2]
 Stephen also contends the district court erred by not considering his amended complaint which again added Gomez as a defendant to the action. Because Stephen's amended complaint did not cure the deficiencies cited by the district court's initial dismissal, the district did not abuse its discretion by declining to consider it. See Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir.1987) (district court has discretion to grant or deny motion for leave to amend the complaint)
 
 
 [3]
 We decline to consider the "new evidence" of fraud submitted by Stephen for the first time on appeal. See Fed.R.App.P. 10(a); Sablan v. Department of Fin., 856 F.2d 1317, 1327 (9th Cir.1988)