129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary L. COLVIN, Plaintiff-Appellant,
v.
Terrence O'CONNOR, Individually and d/b/a Capital
Development Company; David M. Gilmore; Bren Thomas;
Dennis L. Beck; Thomas Snell Jamison Russell and Asperger,
a California Corporation; Michael Marderosian; Marderosian
Swanson and Oren, a California Corporation; William
Hawkins, Individually and d/b/a Computer Consultants
Exchange; Faye Hawkins, Individually and d/b/a Computer
Consultants Exchange; NME Hospitals, Inc., a Delaware
Corporation, Defendants-Appellees.
 No. 96-16375.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Filed Nov. 6, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CV-94-05800-GEB(SMS); Garland E. Burrell, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gary L. Colvin appeals pro se various district court orders and summary judgments entered in favor of defendants in his action alleging, inter alia, copyright infringement and civil rights violations. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 A. Recusal Motions
 
 3
 Colvin contends that the magistrate judge and district judge erred by failing to recuse themselves pursuant to 28 U.S.C. § 455(a) & (b)(1). This contention lacks merit.
 
 
 4
 We review a denial of a recusal motion for abuse of discretion. See Sewer Alert Comm. v. Pierce County, 791 F.2d 796, 798 (9th Cir.1986) (per curiam). "The standard for recusal is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " See id. (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir.1983)).
 
 
 5
 Colvin has presented insufficient evidence that would require recusal of the magistrate judge. See id. Further, the fact that the district judge was assigned to the case by the chief judge, who at one time had been represented by a defendant in an unrelated legal matter, would not lead a reasonable person to conclude that the district judge's impartiality might reasonably be questioned. See id Accordingly, we conclude that neither the magistrate judge nor the district judge abused their discretion by declining to recuse themselves. See id.
 
 B. Discovery Motions
 
 6
 Colvin contends that the district court erred by failing to enjoin abusive behavior by defendants during Colvin's deposition pursuant to Fed.R.Civ.P. 26 and 30. We disagree.
 
 
 7
 The district court has wide discretion in controlling and managing the discovery process and its rulings will not be overturned in the absence of a clear abuse of discretion. See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988).
 
 
 8
 The district court after carefully reviewing and considering Colvin's allegations of misconduct by defendants during the deposition, properly found that the parties seemed to work out their problems and thereafter voluntarily continued with the deposition. Therefore, the district court did not abuse its discretion by denying Colvin's motion for a protective order and sanctions. See id.
 
 C. Summary Judgment Motions
 
 9
 Colvin also contends that the district court improperly granted summary judgment because Colvin was unable to obtain information to adequately oppose defendants' summary judgment motions. This contention lacks merit.
 
 
 10
 The district court allowed Colvin more than adequate opportunity to present supplemental papers and extrinsic evidence to support his opposition to defendants' summary judgment motions. Further, Colvin failed to request a continuance so that he could do additional discovery. See Fed.R.Civ.P. 56(f); THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 994 (9th Cir.1980). As for the denial of some of Colvin's motions to compel, Colvin fails to specify how certain information or documents would have precluded summary judgment in favor of defendants. See Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir.1986).[1]
 
 D. Dismissal Sanctions
 
 11
 Colvin further contends that the district court erred by dismissing his claims against the O'Connors for wilfully failing to submit to a deposition, and by dismissing his claims against the Hawkins for failing to file pretrial documents and to participate in the pretrial hearing. We disagree.
 
 
 12
 A district court has the discretion to impose the extreme sanction of dismissal for discovery abuses. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1408, 1410 (9th Cir.1990). Pro se parties are not excused from following the rules and orders of the court. See Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986).
 
 
 13
 Because Colvin failed to appear at his deposition, even after being ordered to attend, and failed to appear at a pretrial conference and file a pretrial statement, the district court properly dismissed Colvin's claims against the O'Connors and Hawkins. See Adriana, 913 F.2d at 1410-11. The district court had imposed monetary sanctions previously, which did not deter Colvin's recalcitrant behavior. Colvin's apparent disagreement with the district court's orders is no excuse for failing to comply. See id. at 1411. Further, the district court considered the risk of prejudice to defendants, explaining that Colvin's delaying tactics and refusals to follow discovery orders impaired defendants' ability to prepare for trial. See id. at 1412. Moreover, the district court warned Colvin that he was at risk of dismissal because of his behavior. See id. at 1413. In light of all Colvin's misconduct, the district court did not abuse its discretion by dismissing Colvin's action with prejudice. See id. at 1408.
 
 E. Procedural Violations
 
 14
 Finally, Colvin contends that the district court violated his due process and equal protection rights regarding certain procedural aspects in the case. We disagree.
 
 
 15
 Even if the district court made any of the procedural errors of which Colvin complains, Colvin has failed to show how any defects have affected his substantial rights. See Fed.R.Civ.P. 61; Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 756 (9th Cir.1996).
 
 
 16
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court properly granted summary judgment to defendant Magistrate Judge Beck. See Mullis v. United States Bankr.Court, 828 F.2d 1385, 1388 (9th Cir.1987) (judicial immunity)