**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| K. H., as guardian for her minor daughter D.H.; K. H., individually; G. H., individually, | No. 16-35906 |
| Plaintiffs-Appellants, | D.C. No. 3:16-cv-05507-BHS |
| v. | MEMORANDUM* |
| OLYMPIA SCHOOL DISTRICT, a public corporation; FREDERICK DAVID STANLEY, individually; BARBARA GREER, individually; WILLIAM V. LAHMANN, individually, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted June 5, 2018**
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BYBEE and N.R. SMITH, Circuit Judges, and ANTOON,*** District Judge.

Plaintiffs appeal the district court's dismissal of their complaint as barred by res judicata. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's dismissal of plaintiffs' complaint de novo. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). We affirm.

Plaintiffs allege that an Olympia School District bus driver sexually abused their minor daughter. Plaintiffs first sued the School District in Washington state court, asserting claims for negligence and negligent infliction of emotional distress. Following a jury trial, the Washington court entered judgment for the School District. Plaintiffs then filed the instant action in federal court against the School District and three of its employees, Frederick Stanley, Barbara Greer, and William Lahmann (named in their official and personal capacities). Plaintiffs' federal complaint asserted claims under 42 U.S.C. § 1983 and Title IX arising out of the same events as their prior state court complaint.

We apply Washington law to determine the preclusive effect of the Washington court's judgment. *See, e.g.*, *Sewer Alert Comm. v. Pierce County*, 791 F.2d 796, 798–99 (9th Cir. 1986). Under Washington law, "[r]es judicata refers to

---

*** The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

2

the preclusive effect of judgments, including the relitigation of claims and issues that were litigated, or might have been litigated, in a prior action." *Loveridge v. Fred Meyer, Inc.*, 887 P.2d 898, 900 (Wash. 1995) (en banc) (quotation marks omitted). "For the doctrine to apply, a prior judgment must have a concurrence of identity with a subsequent action in (1) subject matter, (2) cause of action, *and* (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made." *Id.*; *accord Rains v. State*, 674 P.2d 165, 168 (Wash. 1983) (en banc).

All four elements of res judicata are met with respect to plaintiffs' claims against the School District: in both the prior and present actions, plaintiffs' claims against the School District rested on the School District's employees' conduct regarding school-bus safety, arose from the same transactional nucleus of fact, and implicated the same evidence and rights. Accordingly, res judicata bars plaintiffs' claims against the School District. *See, e.g.*, *Ensley v. Pitcher*, 222 P.3d 99, 102–06 (Wash. Ct. App. 2009).

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Because plaintiffs' claims against the

3

School District are barred by res judicata, their claims against the School District's employees in their official capacities are also barred. *See Sewer Alert Comm.*, 791 F.2d at 799.

Plaintiffs' claims against the School District's employees in their personal capacities rest on the same allegations as the foregoing claims and likewise share identity of subject matter and cause of action with the prior state court action. With respect to the final two elements of res judicata, Washington law provides that "a person must be a party or in privity to a party in [the prior] litigation action before that person can be bound by its results." *Loveridge*, 887 P.2d at 903. "The employer/employee relationship is sufficient to establish privity." *Ensley*, 222 P.3d at 104. Because the prior action against the School District turned on the School District's employees' conduct surrounding the same events at issue here, Stanley, Greer, and Lahmann were in privity with the School District, and plaintiffs' claims against them in their personal capacities are barred by res judicata. *See Kuhlman v. Thomas*, 897 P.2d 365, 368–69 (Wash. Ct. App. 1995).

Plaintiffs did not seek leave to amend their complaint from the district court, and any amendment would be futile. The district court did not abuse its discretion in dismissing plaintiffs' complaint with prejudice. *See, e.g.*, *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1141 (9th Cir. 2015).

4

**AFFIRMED.**