**Albert TIMES, Plaintiff—Appellant,**

v.

**Bryant JONES, Utility Officer, Defendant—Appellee.**

No. 04–15441.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 24, 2005.

Albert Times, Cushing, TX, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Darrin J. Delange, Esq., Jones Skelton & Hochuli, PLC, Phoenix, AZ, for Defendant.

Daniel P. Struck, Esq., Eileen Dennis GilBride, Esq., Rachel L. Halvorson, Esq., Jones Skelton & Hochuli, PLC, Phoenix, AZ, for Defendant–Appellee.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM ***

Albert Times appeals pro se several of the district court's pretrial rulings in his 42 U.S.C. § 1983 action alleging defendant acted with deliberate indifference to his medical condition by assigning him to a top bunk. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986) (denial of appointment of counsel); *McKinney v. Boyle,* 447 F.2d 1091, 1094 (9th Cir.1971) (denial of motion to appear in court during civil proceedings); *Zhang v. American Gem Seafoods, Inc.,* 339 F.3d 1020, 1027 (9th Cir.2003) (admission or rejection of evidence); *Hansen v. Commissioner,* 820 F.2d 1464, 1467 (9th Cir.1987) (allegations of judicial bias); *Sewer Alert Comm. v. Pierce County,* 791 F.2d 796, 798 (9th Cir. 1986) (per curiam) (recusal motions); *Transamerica Corp. v. Transamerica Bancgrowth Corp.,* 627 F.2d 963, 966 (9th Cir.1980) (rulings on sanctions for failure to comply with court order). We affirm.

***This disposition is not appropriate for publication and may not be cited to or by the

■ The district court did not abuse its discretion in denying Times's motion for appointment of counsel, because Times failed to show exceptional circumstances to warrant such an appointment. *See Wilborn,* 789 F.2d at 1331.

■ The district court did not abuse its discretion in denying Times's request to personally appear at his trial as the court arranged for his appearance by video, and Times had no absolute right to attend the trial in person. *See Demoran v. Witt,* 781 F.2d 155, 158 (9th Cir.1985).

■ The district court also properly denied Times's request to waive witness fees accompanying his subpoenas pursuant to his in forma pauperis status, because 28 U.S.C. § 1915 "does not permit a waiver of the witness fees." *See Tedder v. Odel,* 890 F.2d 210, 212 (9th Cir.1989) (per curiam).

Times's contention that the district court did not allow him to present evidence is unavailing because the record does not show that the district court abused its discretion in its evidentiary rulings. *See Zhang,* 339 F.3d at 1027–28.

The record also does not support Times's contentions that the Magistrate Judge presiding over his trial was biased. *See Hansen,* 820 F.2d at 1467 ("To demonstrate that the trial judge was biased, [Times] must show that the judge's conduct reflected a disposition, based on extrajudicial sources, to treat him unfairly."). Accordingly Times's request that the Chief Judge recuse the Magistrate Judge and transfer the case was not supported by sufficient evidence. *See Sewer Alert Comm.,* 791 F.2d at 798.

■ The district court also did not abuse its discretion in refusing to enter a

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

default judgment against Jones for untimely filing his portion of the pretrial order. *See Transamerica Corp.,* 627 F.2d at 966 ("the district court is in the best position to assess the circumstances and the degree to which its order was not complied with").

We decline to consider Times's contentions relating to Times's ability to hear and see during his appearance by video, Times's appearance in prison attire during the trial, and defendant's attempt to question Times about his criminal history which prompted a curative instruction, as Times did not sufficiently raise these issues to the trial court. *See Broad v. Sealaska Corp.,* 85 F.3d 422, 430 (1996).

Times's remaining contentions lack merit.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.