**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAMINA CHRISTINE SHOCK, | No. 16-16446 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01261-RFB-CWH |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; T. BACHMAN, Pin #5796, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, District Judge, Presiding

Submitted June 26, 2017[**]

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

Tamina Christine Shock appeals pro se from the district court's summary

judgment in her 42 U.S.C. § 1983 action alleging constitutional violations related

to a search of her residence. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo, *Cameron v. Craig*, 713 F.3d 1012, 1018 (9th Cir. 2013), and we affirm.

The district court properly granted summary judgment because Shock failed to raise a genuine dispute of material fact as to whether the search warrant was not supported by probable cause or whether defendants were liable for the execution of the warrant. *See id.* (setting forth probable cause standard under the Fourth Amendment); *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004) (explaining that "integral participation" is required for liability under § 1983); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (setting forth requirements for municipal liability).

The district court properly dismissed Shock's Fifth Amendment claim because Shock did not allege facts sufficient to state a cognizable claim. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (setting forth standard of review and stating that the Fifth Amendment's due process clause only applies to the federal government); *see also Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1198 (9th Cir. 1998) (setting forth requirements for stating a claim under the Takings Clause).

The district court did not abuse its discretion by granting attorney's fees to

defendants.  *See Transamerica Corp. v. Transamerica Bancgrowth Corp.*, 627 F.2d 963, 965-66 (9th Cir. 1980) (setting forth standard of review and stating that sanctions may be imposed for a party's failure to appear).

We reject as meritless Shock's contentions that the district court lacked jurisdiction, including Shock's contentions regarding her filings for quo warranto and writ of mandamus.

We reject as meritless Shock's contentions of judicial misconduct or bias.

We reject as unsupported by the record Shock's contention that Detective Gillespie was properly served.

We do not consider arguments raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**